IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICINN INTERNATIONAL, LLC.,

          Plaintiff,

v.

JOHNSON MANAGEMENT COMPANY, INC.
and STEVEN M. JOHNSON,

          Defendants.

ORDER

08-cv-525-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff AmericInn International, LLC filed this civil action on September 5, 2008. Plaintiff has invoked this court's diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy of at least $75,000. 28 U.S.C. § 1332. However, plaintiff's allegations fail to provide the proper allegations to support diversity jurisdiction.

    Plaintiff alleges that it is a limited liability company with its offices and principal place of business in Chanhassen, Minnesota. Such an allegation would be sufficient to establish plaintiff's citizenship if plaintiff were a corporation because corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1333(c)(1); Metropolitan Life Insurance Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). However, as a limited liability company, plaintiff's

1

Copy of this document has been provided to: all counsel
VIA AEF
this 27 day of Oct, 20 08
by
M. Hardin, Secretary to
Judge John C. Shabaz

citizenship must be traced through its partners. Each partner's citizenship must be diverse from the opposing party's citizenship. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). If any partner is itself a partnership, then the citizenship of those partners must be traced as well, through however many layers of partners or members there may be. Meyerson v. Showboat Marina Casino Partnership, 312 F.2d 318, 320 (7th Cir. 2002). Therefore, plaintiff's allegations fail to properly disclose its citizenship for diversity purposes.

Plaintiff's failure to properly allege its citizenship is not the only jurisdictional problem with its complaint. Plaintiff alleges that defendant Steven Johnson "resides" in Canton, Wisconsin. However, for the purpose of establishing diversity jurisdiction, the court examines the *citizenship*, not the *residency*, of individual persons. An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Furthermore, it has long been settled that residence and citizenship were wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction. Steigleder v. McQuesten, 198 U.S. 141, 143, (1905). Therefore, plaintiff has failed to properly allege defendant Johnson's citizenship.

This court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua *sponte* whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

ORDER

IT IS ORDERED that plaintiff AmericInn International, LLC may have until November 3, 2008, in which to advise the court of the citizenship of its members and of defendant Steven Johnson.

Entered this _24th_ day of October, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge